UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
JAN 3 1 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>HARPER FAMILY TRUST; ANDREW JAMES HARPER,<br><br>    Defendants - Appellees,<br><br>JORGE GLEN HARPER,<br><br>    Defendant - Appellant,<br><br>JAMES W. HARPER, JR.,<br><br>    Defendant - Appellee. | No. 03-36015<br><br>D.C. No. CV-99-00416-HRH<br>District of Alaska,<br>Anchorage<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Plaintiff Merrill Lynch filed this interpleader action in Alaska District Court concerning distribution of money held in an account for the benefit of defendants the Harper Family Trust and Jorge Glen Harper (hereinafter "Glen"), Andrew

1

03-36015

James Harper (hereinafter "A.J.") and James W. Harper, Jr. (hereinafter "Jim"). The suit was prompted by Glen's alleged improper withdrawal of money from the account, and the disputes between the Harpers arising from this transaction.

The district court adjudicated the issues concerning distribution of the money and related disputes among the defendants and eventually issued an order dividing the money between them. The district court also awarded enhanced attorneys fees under Alaska Rule of Civil Procedure 82 in favor of A.J. and Jim as prevailing parties and against Glen. Glen timely appealed the district court's award of attorneys fees, and this court affirmed in an unpublished decision following briefing and oral argument. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Harper Family Trust*, 2005 WL 1939827 (9th Cir. Aug. 15, 2005) (mem.).

Jim and A.J. then filed jointly a motion for attorneys fees and double costs under Federal Rule of Appellate Procedure 38 as a sanction for Glen's allegedly frivolous appeal. Glen filed an opposition to the motion. The court granted the motion for fees and costs (but not double costs), and referred the determination of the appropriate amount to be awarded to the Appellate Commissioner.

03-36015

II

Analysis

Rule 38 provides that when the court has determined an appeal is frivolous, the court may award "just damages and single or double costs to the appellee." Fed. R. App. P. 38. Jim requests attorneys fees in the amount of $7,937.50 for 68 hours of work by attorney David M. Freeman, Esq., and paralegal Tina M. Hardwick at hourly rates of $180.00 and $195.00 for attorney Freeman and $90.00 and $110.00 for paralegal Hardwick. A.J. requests attorneys fees in the amount of $19,110.00 for 127.5 hours of work by attorneys Thomas W. Findley, Esq., Linda O'Bannon, Esq., and Amy H. Fenske, Esq., and paralegal Carol E. Butler, at hourly rates of $175.00 for attorneys Findley and O'Bannon, $140.00 for attorney Fenske, and $80.00 for paralegal Butler. A.J. also requests "costs" in the amount of $2,057.17 for four extra copies of the appellees' brief, computer research fees, and expenses for attorney Findley to travel from Juneau to Anchorage to present oral argument.

03-36015

Jim claims the attorneys' time as follows:

| Task | Attorney Hours |
|---|---:|
| Interviews & conferences | 0.0 |
| Obtaining and reviewing records | 0.0 |
| Legal Research | 0.0 |
| Preparing Briefs | 35.9 |
| Oral argument preparation and presentation | 14.3 |
| Other (Motion Practice) | 17.8 |
| **Total** | 68.0 |

A.J. claims the attorneys' time as follows:

| Task | Attorney Hours |
|---|---:|
| Interviews & conferences | 0.9 |
| Obtaining and reviewing records | 0.0 |
| Legal Research | 7.4 |
| Preparing Briefs | 77.8 |
| Oral argument preparation and presentation | 38.5 |
| Other (Telephone calls, motions, miscellaneous) | 2.9 |
| **Total** | 127.5 |

03-36015

Glen does not object to the hourly rates claimed. He states generally that the fees requested are not reasonable, but the only specific objections he raises are that the 38.5 hours claimed by A.J.'s attorneys for preparation for oral argument is excessive, and that costs for computer research and travel are not "contemplated by [Federal Rule of Appellate Procedure] 39 or Form 10 Bill of Costs."

A review of the billing statements and the appellate record reveals that the claim for 38.5 hours for preparing for and presenting oral argument by A.J.'s attorneys is excessive. Given the scope of the appeal and the posture of the case, A.J.'s attorney, Thomas W. Findley, Esq., will be awarded 24 hours for this task. The remaining hours claimed by A.J.'s and Jim's attorneys are reasonable and will be awarded in full.

Although it is true, as Glen points out, that the "costs" requested by A.J. in the motion are not taxable under Rule 39, these expenses are properly considered part of the award of "just damages" as a sanction under Rule 38.[1] *See, e.g., Aloe Vera of America, Inc. v. United States*, 381 F.3d 916 (9th Cir. 2004) (awarding expenses of travel for oral argument). These expenses are reasonable and

---

[1] Costs in the amount of $271.08 have been taxed against Glen under Rule 39.

03-36015

constitute "just damages" appellees incurred in defending against this frivolous appeal.

### III

### Conclusion

Attorneys' fees in the amount of $7,937.50 are awarded in favor of James W. Harper, Jr. and jointly and severally against Jorge Glen Harper, Wayne D. Hawn, Esq., and Weidner & Associates, Inc. *See Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985) (stating that the court has inherent power to impose Rule 38 sanctions jointly and severally against appellant and appellant's attorneys, because they are in the best position between them to determine who caused the frivolous appeal to be taken). Attorneys' fees and expenses in the amount of $18,619.67 are awarded in favor of Andrew James Harper and jointly and severally against Jorge Glen Harper, Wayne D. Hawn, Esq., and Weidner & Associates, Inc.

A certified copy of this order sent to the district court shall serve to amend this court's mandate.

_Peter L. Shaw_
9th Cir. R. 39-1.9

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JAN 31 2006
by _____
Deputy Clerk