IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MERRILL LYNCH,                       )
                                     )
                   Plaintiff,        )
                                     )
     vs.                             )
                                     )
HARPER FAMILY TRUST, et al.,         )
                                     )   No. 3:99cv0416-HRH
                   Defendants.       )
_____)
```

O R D E R

Satisfaction of Deficiency

By order of March 17, 2006,[1] the court made provision for distribution of funds remaining in the registry of the court. The court also made provision for the entry of a deficiency judgment for attorney fees and costs remaining due to Andrew James (A.J.) Harper. Subsequent to the entry of that order, the court received Jorge Glen Harper and counsel's response[2] with respect to the foregoing subjects. The response will be treated as a motion for reconsideration of the March 17, 2006, order.

---

[1] Clerk's Docket No. 429.

[2] Clerk's Docket No. 430.

- 1 -

By order entered January 31, 2006,[3] the Ninth Circuit Court of Appeals made awards of attorney fees and costs in favor of James W. and Andrew James Harper against Jorge Glen Harper, Wayne D. Hawn, and Weidner & Associates, Inc.  That order expressly provided that, "[a] certified copy of this order sent to the district court shall serve to amend the court's mandate."[4]  Thus, the order awarding fees and costs served to amend the September 7, 2005, judgment of the Ninth Circuit Court of Appeals that affirmed the judgment of this court.[5]  Moreover, on February 7, 2006, the clerk of this court endorsed upon the amended judgment in this case the awards of attorney fees and costs in favor of James W. Harper and Andrew James Harper.[6]  The fact of a judgment in favor of James W. Harper and Andrew James Harper and against Jorge Glen Harper, Wayne D. Hawn, and Weidner & Associates, Inc., is thus spread throughout the recent record of this case.

In consideration of the foregoing, it is the view of this court that there is already a judgment in favor of James Harper and A.J. Harper and against Jorge Glen Harper, Wayne D. Hawn, and Weidner & Associates, Inc.  This court's order of March 17, 2006, does the necessary accounting as regards the partial satisfaction

---

[3]    Clerk's Docket No. 424.

[4]    Id. at 6.

[5]    Clerk's Docket No. 416.  The Ninth Circuit Court of Appeals routinely uses the term "mandate" and "judgment" interchangeably.

[6]    Clerk's Docket No. 413.

of the costs and fee award(s) made by the Ninth Circuit and reflects the deficiency that remains owed to A.J. Harper. The court therefore proposed to reenter judgment — based upon that of the Ninth Circuit Court of Appeals — reflecting the deficiency.

In their response, which the court now treats as a motion for reconsideration, Jorge Glen Harper and the attorneys suggest that entry of a further judgment is neither necessary nor appropriate. The foregoing amply suggests that entry of a judgment for the remaining balance owed Andrew James Harper is appropriate. Moreover, it strikes the court that some further action on its part may be necessary in light of the fact that the attorney fees and costs in question have been a known obligation since on or about January 31, 2006, and, so far as the court is aware, neither Jorge Glen Harper nor counsel have until now given any attention at all to satisfying their expenses and attorney fee obligations.

The court understands counsel's concern about "collateral consequences" from the entry of a judgment against them; but, if and to the extent that those concerns are real rather than theoretical, they must already exist. Rather than creating a problem, the judgment that the court proposed to enter would, in the context of the March 17 order, reduce and particularize what remains to be paid.

All of the foregoing said, the court is not unwilling to take the response now before it as a representation that the $16,626.81 balance owed Andrew James Harper by Jorge Glen Harper, Wayne D. Hawn, and Weidner & Associates, Inc., jointly and

severally, will be forthwith paid by someone. Accordingly, the court will withhold any action on the response by Jorge Glen Harper, Hawn, and Weidner & Associates until March 30, 2006. If the court is advised by that date that the foregoing sum has been paid, that will end the matter. Otherwise, the judgment that the court has tentatively approved will be entered on March 31, 2006.

DATED at Anchorage, Alaska, this <u>22nd</u> day of March, 2006.

/s/ H. Russel Holland
United States District Judge